I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: June 5 2009

DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT
JUN - 5 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ALEJANDRO CARRILLO,

Petitioner,

v.

KEN CLARK, WARDEN, ET AL.,

Respondents.

Case No. CV 09-00983 DDP (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a First Amended Petition for Writ of Habeas Corpus ("FAP")[1] brought by Alejandro Carrillo ("Petitioner"), a state prisoner proceeding *pro*

---

[1] The original petition was lodged with the Court on May 20, 2009, and filed on May 21, 2009 at 12:01p.m. (Dkt #1.) On the same day the original petition was filed, Petitioner submitted an amended petition that was lodged with the Court on May 21, 2009 at 5:37p.m. The Court construes the amended petition as a FAP. It is well-established that an amended pleading supersedes the prior pleading and renders it of no legal effect. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the original complaint); *see also Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998), *aff'd* 248 F.3d 915, 920 (9th Cir. 2001) ("[i]t is hornbook law that an amended pleading supersedes the original, the latter being

(continued...)

*se*. The FAP is brought pursuant to 28 U.S.C. § 2254 and it raises eight claims directed at Petitioner's 2006 conviction and sentence of 96 years that he sustained following a jury trial in the California Superior Court for the County of Riverside (case no. RIF112172). (FAP at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his FAP should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

---

[1] (...continued)
treated thereafter as non-existent. [] Once amended, the original no longer performs any function as a pleading") (*citing Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956)); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (same). Consequently, pursuant to Fed. R. Civ. P. 15(a), the FAP constitutes an amended pleading that supersedes the original petition.

1039, 1043 (9th Cir. 2001).

**B. Statute of Limitations**

The FAP is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the FAP was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the FAP, accompanying Memorandum of Points and Authorities, and relevant state court records[2] show Petitioner sustained his underlying conviction and sentence on January 3, 2006. (FAP at 2.) On June 13, 2007, the California Supreme Court (case no. S152534) denied his petition for review, and Petitioner never filed a petition for certiorari with the United States Supreme Court. (FAP at 3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on September 11, 2007, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, September 12, 2007, and ended a year later on September 11, 2008. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitation period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending FAP in this

---

[2] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

matter until May 13, 2009[3] -- 244 days after the expiration of the limitation period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending FAP is time-barred.

**C. Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing

---

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The original petition was filed by the Clerk on May 21, 2009, however, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the original petition on May 13, 2009, the date he signed the original petition and its accompanying proof of service. (Pet. at 8; Proof of Service.)

collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).

Petitioner did not file his first relevant[4/] state habeas petition with the California Court of Appeal (case no. E046684) until September 24, 2008, 13 days after the expiration of the limitation period. (FAP at 4; Official records of California courts.) Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed after the limitation period expired.[5/] *See Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired). Therefore, the eight claims raised in the instant FAP are untimely by 244 days (the

---

[4/] Petitioner filed an Ex Parte Hearing Re: Defendant's Request for Transcripts with the Riverside Superior Court (case no. RIF112172) that was denied on September 16, 2008. (Official records of the California courts.) Petitioner's ex parte request for transcripts does not constitute a properly filed state habeas petition, and thus, has no tolling consequences for purposes of the timeliness analysis. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734.

[5/] *See In re Alejandro Carrillo on Habeas Corpus*, No. E046684, Cal. App. Ct., 4th Dist./Div. 2 (filed Sept. 24, 2008, denied Oct. 6, 2008); *Carrillo (Alejandro) on H.C.*, No. S167479, Cal. Sup. Ct. (filed Oct. 14, 2008, denied Apr. 1, 2009). (FAP at 4-5; Official records of California courts.)

amount of untolled time between the limitation deadline (9/11/08) and the FAP's constructive filing date (05/13/09).)

**D.     Alternative Start of the Statute of Limitations**

  **1.     State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

  **2.     Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

  **3.     Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

///

///

///

**E. Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent.'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he

seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. Petitioner's filings do not set forth any facts that show he is entitled to equitable tolling.

///

///

///

# ORDER

Based upon the foregoing, the Court finds the FAP is untimely. Accordingly, Petitioner shall have until **June 23, 2009**, to file a written response and show cause why his FAP should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the FAP, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the FAP is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: June 5, 2009

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE